IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS BAILEY et al.,** | : | **Civil Action No. 1:07-CV-02238** |
| | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **MELISSA MCMAHON et al.,** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

**I.      INTRODUCTION**

Before the Court is Plaintiff Bailey's motion to reinstate and/or join former Plaintiffs

Richard Sutton, Jamiel Johnson, Devin Spady, and William Victor pursuant to Federal Rule of

Civil Procedure 19(a).  (Doc. No 33.)  For the reasons that follow, the motion will be denied.

**II.      BACKGROUND**

On December 10, 2007, Plaintiffs, a number of Pennsylvania Department of Corrections'

("DOC") inmates,[1] initiated the above-captioned civil rights complaint pursuant to 42 U.S.C. §

1983.  (Doc. No. 1.)  Defendants are prison officials or employees at the State Correctional

Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon").  Plaintiffs made numerous claims

against Defendants involving the following: "denial of law library, access to courts, inadequate

paging system and legal materials, notary service, inadequate legal assistant; denial of mental

---

[1] Plaintiffs Jamiel Johnson, Dwayne Combs, Josh Griffin, Anthony Lee Gray, Richard Sutton, Demetrius Green, Renard Gray, William Victor, and Haashiem Andrews are currently housed at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"); Plaintiff Demetrius Bailey is currently housed at the State Correctional Institution in Cresson, Pennsylvania; Plaintiff Devin Spady is currently housed at the State Correctional Institution at Greene, in Waynesburg, Pennsylvania; and, Plaintiff Timothy Schofield is currently housed at the State Correctional Institution at Forest, in Marienville, Pennsylvania.

health treatment; unconstitutional and invalid grievance system; denial of hygiene basic issues

and legal materials due to inadequate commissary system; denial of health hazards; torture,

abuse, assaults on Plaintiffs; denial of infestin rodents urine and feces Plaintiffs breath, denial of

clear air, ventilation, clean water; unsanitary showers, denial of medical care/treatment." (Doc.

No. 1 at 2.) Plaintiffs sought compensatory and punitive damages as well as an injunction and

declaratory relief. (Id. at 3.)

Simultaneous to filing the complaint, Plaintiff Bailey filed a letter requesting in forma

pauperis ("IFP") application forms be sent to all Plaintiffs. (Doc. No. 2.) On December 11,

2007, a 30-day administrative order was issued, directing the prisoners to pay the filing fee or

each Plaintiff must file an application to proceed IFP and an authorization form within thirty (30)

days of the date of the order or the case will be dismissed. (Doc. No. 5.) Plaintiffs were also

informed that each Plaintiff is responsible for an equal share of the $350.00 filing fee, and if only

one Plaintiff executes the application to proceed IFP and authorization form, he will be solely

responsible for complete payment of the $350.00 filing fee. (See id.) Proper IFP forms were

forwarded to each Plaintiff with a copy of the 30-day administrative order. (See id.)

Subsequent to the issuance of the 30-day administrative order, several Plaintiffs filed

motions to withdraw, asserting that they either had no knowledge of, or had no desire to be part

of, the instant civil action. (See Doc. Nos. 7-9, 14-15, 17-18.) Specifically, Plaintiff Sutton filed

four motions to withdraw, (see Doc. Nos. 8, 9, 14, 17); Plaintiff Johnson filed one motion to

withdraw, (see Doc. No. 15); and Plaintiff Victor filed one motion to withdraw, (see Doc. No. 7).

All of these motions were construed as motions for voluntary dismissal under Federal Rule of

Civil Procedure 41(a)(2), and the Court granted the motions by order dated January 28, 2008.

(Doc. No. 21.)

Further, the thirty days set forth in the 30-day administrative order for paying the filing

fee or submitting an application to proceed IFP and an authorization form elapsed, and a number

of Plaintiffs neither made an appropriate submission nor requested an extension of time in which

to do so.  In particular, Plaintiff Spady did not make the appropriate submission or request an

extension.  As a result, this action was dismissed without prejudice as to all of those Plaintiffs.

(See Doc. No. 21.)

One Plaintiff, Demetrius Bailey, filed a motion for leave to proceed IFP and an

authorization form.  (Doc. Nos. 10 & 11.)  Noting that all other Plaintiffs had been terminated,

and upon consideration of the complaint, the Court granted Plaintiff Bailey's motion to proceed

IFP and directed him to file an amended complaint setting forth his individual claims against

defendants.  (See Doc. No. 21.)  On March 10, 2008, Plaintiff Bailey filed an amended

complaint, (Doc. No. 27), and the Court directed service of the amended complaint on April 28,

2008, (Doc. No. 32).

To date, Defendants' time for responding to the amended complaint has not passed.

However, Plaintiff Bailey has filed the instant motion pursuant to Federal Rule of Civil

Procedure 19(a) seeking to reinstate former Plaintiffs Sutton, Johnson, Spady, and Victor, who

were all named in the original complaint.  Plaintiff Bailey claims that these former plaintiffs

were "caught off guard that this civil action was being filed ASAP," thus they should be

reinstated as plaintiffs.  (Doc. No. 33 at 1.)

III.    DISCUSSION

Rule 19(a) of the Federal Rules of Civil Procedure determines when joinder of a

particular party is compulsory.  The Rule provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>> (1)     Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>> (A)     in that person's absence, the court cannot accord complete relief among existing parties; or
>>> (B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>> (i)      as a practical matter impair or impede the person's ability to protect the interest; or
>>>> (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>> (2)     Joinder by Court Order.  If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a).  The United States Court of Appeals for the Third Circuit has instructed

district courts as to the proper analysis under Rule 19:

> Rule 19(a) determines whether a party is a necessary party who should be joined in the action.  If the answer to that first question is yes, then the court must do so if feasible.  If the answer to the first question is no, however, then the inquiry need go no further.  See Abel v. Am. Art Analog, Inc., 838 F.2d 691, 695 (3d Cir. 1988) (foreclosing any further inquiry once the panel "conclude[d] that [absentees] are not necessary parties pursuant to Rule 19(a)").

Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc., 844 F2d 1050, 1053-

54 (3d Cir. 1988).

Further, in determining whether the party whose joinder is sought is necessary under

Rule 19(a),

> we ask first whether complete relief can be accorded to the parties to the action in the absence of the unjoined party.  Fed. R. Civ. P. 19(a)(1).  A Rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action.  The effect a decision may have on the

absent party is not material.

Janney Montgomery Scott, Inc. v. Shephard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993).

In the instant case, the Court concludes that Plaintiff Bailey has not demonstrated that the individuals named in his motion are necessary parties to this action.  Initially, there is nothing in the amended complaint that demonstrates that, in the absence of any of these former Plaintiffs named in the instant motion, the court could not grant complete relief to Plaintiff Bailey, if it so determines.  See Fed. R. Civ. P. 19(a)(1)(A).  Notably, Plaintiff Bailey's amended complaint eliminates all mention of the former Plaintiffs, (Doc. No. 27), and, upon preliminary screening, the Court directed service of that amended complaint, (Doc. No. 32).  There is nothing in that amended complaint indicating that the relevant former Plaintiffs are now necessary parties to this action.

Further, Rule 19(a)(1)(B) is not applicable here because none of the former Plaintiffs relevant to this motion have claimed an interest in this action.  In fact, aside from Mr. Spady, Messrs. Sutton, Johnson, and Victor previously filed motions for voluntary dismissal, which the Court granted on January 28, 2008.  (See Doc. No. 21.)  None of these individuals has returned to the Court seeking reinstatement to this action.

As to Mr. Spady, the only communication the Court has received relating to this former Plaintiff is a letter from Mr. Spady requesting a copy of the original complaint.  (Doc. No. 28.)  Reading that letter liberally, Mr. Spady does not express any intention of remaining a party to this action.

In sum, the Court concludes that none of the former Plaintiffs named in the instant motion are a necessary party in this lawsuit and need not be joined under Federal Rule of Civil

Procedure 19(a).  As such, "the inquiry need go no further," <u>Bank of America</u>, 844 F.2d at 1054,

and the motion will be denied.

An appropriate order will issue.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS BAILEY et al.,** | : | **Civil Action No. 1:07-CV-02238** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **MELISSA MCMAHON et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 21st day of July, 2008, in accordance with the accompanying

memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff Bailey's motion to reinstate and/or

join former Plaintiffs Richard Sutton, Jamiel Johnson, Devin Spady, and William Victor

pursuant to Federal Rule of Civil Procedure 19(a) (Doc. No. 33) is **DENIED**.


S/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania