IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS BAILEY,** | : | CIVIL NO. 1:CV-07-2238 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **MELISSA McMAHON, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 proceeds on an amended complaint filed by Demetrius Bailey ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania. Named as Defendants are numerous Department of Corrections officials and employees at the State Correctional Institution at Huntingdon.[1] Also named as Defendants are Prison Health Services ("PHS") and Angela Auman, a physician's assistant employed by PHS. The claims in the amended complaint include the denial of access to the courts, denial of use of the law library, inadequate access to the commissary system, unsanitary health conditions, assault and inadequate medical care. Presently before the Court is a motion to dismiss the amended complaint filed by PHS and Auman (Doc. No. 36), as well as Plaintiff's motion for counsel (Doc. No. 49).[2]

**I.   BACKGROUND**

Plaintiff complains of numerous incidents that allegedly took place at SCI-Huntingdon,

---

[1] On November 17, 2008, the Clerk of Court entered default with regard to the Corrections Defendants. (Doc. 43.)

[2] Also pending on the docket are a motion to set aside default (Doc. No. 44) filed by the Corrections Defendants, and Plaintiff's motion for injunctive relief (Doc. No. 52). These motions will be addressed in a separate Memorandum to be issued by the Court in due course.

his former place of confinement. Plaintiff claims that he was denied access to the courts, including the use of the law library, an adequate paging system, legal assistance and legal materials. He also complains that he was denied adequate medical and mental health treatment and basic hygiene items, and that he was subjected to abuse, torture and health hazards.[3] In addition, he maintains that the grievance system at the prison is unconstitutional, and that the commissary system is inadequate. He also sets forth a claim of retaliation. The majority of these claims are set forth against the Corrections Defendants.[4]

With regard to Defendants PHS and Auman, Plaintiff specifically alleges the following. He claims that PHS entered into a contract with the Corrections Defendants whereby PHS employed inadequate, untrained medical staff who would perform their jobs by doing whatever prison staff employees told them to do. Defendants Auman and Showalter are alleged to have denied Plaintiff medical treatment for his chronic skin infection/disease from which he has suffered for years. According to Plaintiff, this condition causes him to suffer itching, burning, peeling and bleeding. He maintains that the medical staff does not know how to treat this condition, and that they will not pay for outside care. Plaintiff filed a grievance with regard to this matter on March 28, 2007 (#182853), but the grievance and all related appeals were denied.

Plaintiff further alleges that he has a hiatal hernia with a hole in the lining of his stomach

---

[3] The health hazards referred to are the lack of an automatic sprinkler system, emergency lighting and fire alarms in the Restricted Housing Unit ("RHU"). He also further complains that he and other inmates are forced to inhale rat and mice urine and feces in the RHU cells, and that the showers are unsanitary because they contain roaches, fruit flies and fungus. (Doc. No. 27, Amended Compl. ¶¶ 41-43.)

[4] The specifics of these incidents will not be set forth herein as the Corrections Defendants have not yet filed a response to the complaint. Rather, this Memorandum will focus on the claims set forth against Auman and PHS.

and that Auman, Showalter and PHS will not provide surgery for his condition. As a result, Plaintiff contends that he vomits after ingesting cold water and foods. He further complains that he has been denied treatment by Auman, Showalter and PHS for gastroesophageal reflux disease (GERD), which causes him to belch and regurgitate, irritates his throat and makes swallowing difficult. He claims he is being denied a proper diet for his condition, as well as an appointment with a specialist. A grievance regarding this issue filed on April 2, 2007 (#183329), and appeals therefrom have been denied. Based on the foregoing, Plaintiff seeks monetary, declaratory and injunctive relief.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. In reviewing a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1997); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the plaintiff has an obligation to allege facts sufficient to "raise a right to relief above the speculative level, on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted).  Furthermore, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, Id. at 1960.  When evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005).  Finally, when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 127 S. Ct. at 1960, the complaint should be dismissed.

### III.    DISCUSSION

#### A.    Motion for Counsel

Prior to resolving the motion to dismiss filed by Defendants PHS and Auman, the Court will address Plaintiff's request for the appointment of counsel in this action.  It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Plaintiff sets forth numerous allegations against the Defendants. Two of the sixteen Defendants have filed a motion to dismiss that Plaintiff has opposed. Plaintiff also successfully requested the entry of default against the Corrections Defendants in this matter when they failed to respond to the amended complaint. Although said Defendants have filed a motion to set aside default, Plaintiff has submitted objections thereto, and an opposing brief. Clearly, the record gives every indication that Plaintiff has the capability to continue litigating this action without the assistance of counsel. He has filed an amended complaint, motions and supporting briefs on his own, and has timely opposed motions filed by Defendants. In addition, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

    1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and,

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

The issues involved in this action while numerous, are straightforward and involve the application of established legal principles to the factual situations at hand. While Plaintiff

complains that his legal work "has been taken on numerous occasions" (Doc. No. 50 at 1), the docket reveals that Plaintiff has no trouble communicating with the Court and filing required briefs which contain citation to relevant legal authority. Although Plaintiff argues that counsel is needed to assist him in conducting discovery and obtaining witness and expert testimony for trial in this case, any such concern is premature at this stage of the proceedings. Plaintiff has thus far demonstrated the ability to prepare and file motions in this case which are understandable, as well as oppose motions filed by Defendants. As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

      **B.**      **Motion to Dismiss**

Defendants PHS and Auman move to dismiss the amended complaint against them on the basis of res judicata and failure to state claims of deliberate indifference under the Eighth Amendment or retaliation. Defendants argue that the claims in the amended complaint are barred because Plaintiff brought these claims or could have brought these claims in a prior action he filed in the Court of Common Pleas in Huntington County at No. 2007-866. They attach a copy of the complaint in that action. (Doc. No. 39, Ex. 3.) They state that the claims raised in the county action were dismissed in response to preliminary objections.

The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action. In re Weisbrod & Hess Corp., 129 F.2d 114 (3d Cir. 1942). As explained by the

Third Circuit Court of Appeals, the federal law of res judicata or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. V. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006). In light of the purposes which res judicata serves, the doctrine not only bars relitigation in a second suit of what was actually litigated in the first suit, but also bars relitigation of what could have been litigated in the first suit. See, e.g., Smith v. Morgan, 75 Fed. Appx. 505, 506 (6th Cir. 2003)("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented.")

Without unnecessary elaboration, the Court rejects the Defendants' res judicata argument for the following reason. After reviewing the complaint filed in the Huntingdon County Court, it does appear that the same cause of action was raised against Defendants PHS and Auman. However, it also appears in reviewing the Memorandum and Order issued by the Huntingdon County Court of Common Pleas that the dismissal of the action with regard to the claims raised by Plaintiff was not on the merits.[5] Accordingly, the doctrine of res judicata has no application.

---

[5] Interestingly, Defendants only attach a copy of the complaint Plaintiff filed in the county court action, and not the opinion that dismissed Plaintiff's claims in said action. However, the Court takes judicial notice of the Memorandum and Order issued by the Huntingdon County Court of Common Pleas in the matter of Dwayne Combs, et al., v. Wakefield, et al., No. 2007-866. The claims raised by Plaintiff therein were dismissed pursuant

Defendant PHS next argues that the amended complaint should be dismissed because Plaintiff has failed to allege a policy or practice that PHS knew presented a substantial risk of harm to him. PHS is a private corporation that has a contract to provide certain types of medical services to inmates confined within the DOC. A private corporation cannot be held liable for the actions of it staff on the basis of vicarious liability, although it may be held liable if it knows of and acquiesced in the deprivation of plaintiff's constitutional rights. To meet this burden, Plaintiff must show that PHS, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [Plaintiff's] constitutional harm." Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989). Plaintiff makes conclusory allegations in the amended complaint that because Defendant Auman, an employee of PHS, was not trained/performed inadequately, that PHS therefore engages in the custom/policy of sending untrained/inadequate employees into the prisons. Other than these conclusory allegations, he sets forth no allegations whatsoever in support of a claim of deliberate indifference against PHS that any such policy or practice existed which, in turn, caused Plaintiff's harm. Accordingly, the claims set forth against PHS will be dismissed.

Finally, Defendants seek to dismiss the Eighth Amendment deliberate indifference claims against Defendant Auman. In order to state an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

---

to 42 Pa.C.S.A. § 6602(f) as Plaintiff was found to be an abusive litigator. The claims raised were not addressed on the merits.

Without passing judgment as to the ultimate merits of any Eighth Amendment inadequate medical care claim against Auman, the Court finds that Plaintiff has alleged enough in his amended complaint to survive Defendants' motion to dismiss.[6] Accordingly, the Eighth Amendment and the retaliation claims will proceed.

An appropriate Order denying Plaintiff's motion for counsel, as well as granting in part and denying in part Defendants' motion to dismiss, follows.

---

[6] In the amended complaint, Plaintiff also appears to set forth an allegation of retaliation. Specifically, he claims that "PHS employees" denied him medical treatment due to "untrain, inadequate, unprofessional, and racism due to the complaints filed against them by Plaintiffs in violation of my constitutional right." (Doc. No. 27 at ¶ 64.) The Court will also allow this claim to proceed.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEMETRIUS BAILEY,** | : | CIVIL NO. 1:CV-07-2238 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **MELISSA McMAHON, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**NOW, THEREFORE, THIS 19th DAY OF MARCH, 2009,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for the Appointment of Counsel (Doc. No. 49) is **denied, without prejudice.**

2. The motion to dismiss filed by Defendants PHS and Auman (Doc. No. 36) is **granted in part and denied in part**. The motion is **granted** with respect to Defendant PHS, and all claims set forth against PHS are dismissed in their entirety. The motion is **denied** with respect to the Eighth Amendment inadequate medical care and retaliation claims set forth against Defendant Auman.

3. Defendant Auman shall file an answer as to the Eighth Amendment medical care and retaliation claims within twenty (20) days from the date of this Order.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania