IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DEMETRIUS BAILEY, | : | CIVIL NO. 1:CV-07-2238 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MELISSA McMAHON, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**I.    Background**

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Demetrius Bailey ("Plaintiff"), an inmate currently confined at the State Correctional Institution at Fayette, Pennsylvania. Named as Defendants are fourteen (14) Department of Corrections officials and employees at the State Correctional Institution at Huntingdon, Plaintiff's former place of incarceration. Also named as Defendants are Prison Health Services ("PHS") and Angela Auman, a physician's assistant employed by PHS. The matter proceeds on an amended complaint filed on March 10, 2008. (Doc. No. 27.) The claims alleged therein include the denial of access to the courts, denial of use of the law library, inadequate access to the commissary system, unsanitary health conditions, assault and inadequate medical care.

On April 28, 2008, service of the amended complaint was directed on Defendants. Waivers of Service were returned by the Corrections Defendants on June 30, 2008. (Doc. No. 35.) On July 9, 2008, Defendants Auman and PHS filed a motion to dismiss the amended complaint.[1] Because the Corrections Defendants did not file a response to the amended

---

[1] On March 19, 2009, the Court issued a Memorandum and Order granting in part and denying in part the motion to dismiss. (Doc. No. 61.) The motion was granted to the extent that all claims set forth against Defendant PHS were dismissed. The motion was denied with respect

complaint, Plaintiff filed a Request for Entry of Default (Doc No. 40) on October 17, 2008. On the same date, Plaintiff filed a Motion for Entry of Default Judgment (Doc. No. 42) which is presently pending before the Court.

On November 17, 2008, the Clerks Office entered default as to the 14 Corrections Defendants. (Doc. No. 43.) On December 2, 2008, the Corrections Defendants filed a Motion to Set Aside Default Judgment (Doc. No. 44.) This motion will be construed as a motion to set aside entry of default, as default judgment has not been entered in this case. The Motion to Set Aside Default has been briefed by the parties. For the reasons that follow, Plaintiff's Motion for Entry of Default Judgment will be denied, and Defendants' Motion to Set Aside Entry of Default will be granted. The Corrections Defendants will be directed to file a response to the amended complaint within fifteen (15) days from the date of this Order.

**II.     Discussion**

The policy of the Third Circuit Court of Appeals is one of "disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988)(citation omitted.) Nevertheless, the "decision to set aside entry of default pursuant to Fed. R. Civ. P. 55(c) ... is left primarily to the discretion of the district court."[2] United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit Court of Appeals requires district courts to consider three factors in making such a

---

to the inadequate medical care and retaliation claims set forth against Defendant Auman. Thereafter, on April 22, 2009, Auman filed her answer to the amended complaint. (Doc. No. 62.) Discovery is currently taking place.

[2] Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default ...."

2

determination: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." Budget Blinds, Inc. v. White, 536 F.3d 244, 256-57 (3d Cir. 2008)(citing $55,518.05 in U.S. Currency, 728 F.2d at 194-195).

In seeking the entry of default judgment and in opposing Defendants' motion to set aside default, Plaintiff points to Defendants' failure to respond to the amended complaint. He claims that any explanation of the omission as an "administrative oversight" is no excuse since Defendants returned waivers of service with respect to the amended complaint and therefore were aware of when a response was due. However, Defendants do not dispute that they returned waivers of service, or that at said time they did not know when a response was due. Rather, they contend that the failure to submit a timely response to the amended complaint was due to an administrative oversight and inadvertence by counsel - that counsel mistakenly believed that there was time remaining to file an answer to the amended complaint. There is no evidence to support any inference that the failure to timely respond to the amended complaint was the result of culpable conduct on the part of Defendants.

Further, there is no evidence that Plaintiff will be prejudiced if the Corrections Defendants are allowed to defend this action. Any evidence that Plaintiff may use to support his claims is still available. In addition, Defendants argue the existence of meritorious defenses in that the amended complaint fails to state a violation of Plaintiff's constitutional rights, and even if it does, that the Defendants are entitled to qualified immunity.

In light of the policy of the Third Circuit Court of Appeals with respect to default judgments, as well as the above reasons coupled with the fact that Defendants promptly sought

3

to rectify the oversight upon learning of the entry of default, the grant of Defendants' motion to set aside the entry of default is warranted. The Court will deny Plaintiff's Motion for Default Judgment, order Defendants to file an Answer or other response to the amended complaint, and direct the Clerk of Court to set aside the entry of default.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEMETRIUS BAILEY, : CIVIL NO. 1:CV-07-2238
    Plaintiff, :
     : (Chief Judge Kane)
    v. :
     :
MELISSA McMAHON, et al., :
    Defendants :

**ORDER**

**NOW, THEREFORE, THIS 2nd DAY OF JUNE, 2009,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Entry of Default Judgment (Doc. No. 42) is **DENIED.**

2. Corrections Defendants' Motion to Set Aside Default (Doc. No. 44) is **GRANTED**.

3. The Clerk of Court shall **SET ASIDE** the default entered November 17, 2008 (Doc. No. 43).

4. Corrections Defendants shall file an Answer or otherwise respond to the amended complaint within fifteen (15) days from the date of this order.

           S/ Yvette Kane
           YVETTE KANE, Chief Judge
           Middle District of Pennsylvania