# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY, | : | CIVIL NO. 1:CV-07-2238 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MELISSA McMAHON, et al., | : | |
| Defendants | : | |

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 proceeds on an amended complaint filed by Demetrius Bailey ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Fayette, Pennsylvania. Named as Defendants are numerous Department of Corrections officials and employees at the State Correctional Institution at Huntingdon. Also named as Defendants are Prison Health Services ("PHS") and Angela Auman, a physician's assistant employed by PHS. The claims in the amended complaint include the denial of access to the courts, inadequate access to the commissary system, unsanitary health conditions, assault and inadequate medical care. Presently there are miscellaneous motions pending on the docket that the Court will address herein.

## I.  BACKGROUND

Plaintiff complains of numerous incidents that allegedly took place at SCI-Huntingdon, his former place of confinement. Plaintiff claims that he was denied access to the courts, including the use of the law library, an adequate paging system, legal assistance and legal materials. He also complains that he was denied adequate medical and mental health treatment

and basic hygiene items, and that he was subjected to abuse, torture and health hazards.[1] In addition, he maintains that the grievance system at the prison is unconstitutional, and that the commissary system is inadequate. He also sets forth a claim of retaliation. The majority of these claims are set forth against the Corrections Defendants. Plaintiff seeks monetary, declaratory and injunctive relief.

On April 28, 2008, service of the amended complaint was directed on Defendants. Waivers of Service were returned by the Corrections Defendants on June 30, 2008. (Doc. No. 35). On July 9, 2008, Defendants Auman and PHS filed a motion to dismiss the amended complaint. On March 19, 2009, the Court granted in part and denied in part this motion. (Doc. No. 61.) The motion was granted to the extent that all claims set forth against PHS were dismissed. The motion was denied with respect to the inadequate medical care and retaliation claims set forth against Auman. An answer to the amended complaint was later filed by Auman. (Doc. No. 62.)

Because the Corrections Defendants did not file a response to the amended complaint, Plaintiff filed a Request for Entry of Default and Motion for Entry of Default Judgment. On November 17, 2008, the Clerks Office entered default as to the Corrections Defendants. On December 2, 2008, the Corrections Defendants filed a Motion to Set Aside Default Judgment. On June 2, 2009, the Court construed Defendants' motion as a Motion to Set Aside Entry of Default. In addition, Plaintiff's motion for entry of default judgment was denied, and

---

[1] The health hazards referred to are the lack of an automatic sprinkler system, emergency lighting and fire alarms in the Restricted Housing Unit ("RHU"). He further complains that he and other inmates are forced to inhale rat and mice urine and feces in the RHU cells, and that the showers are unsanitary because they contain roaches, fruit flies and fungus. (Doc. No. 27, Amended Compl. ¶¶ 41-43.)

Defendants' motion to set aside the entry of default was granted. (Doc. No. 70.) Corrections Defendants were ordered to file an answer or other response to the amended complaint within fifteen (15) days.

On June 15, 2009, Plaintiff filed a motion for sanctions of default judgment (Doc. No. 71). This motion is presently pending on the docket. On the same date Plaintiff also filed a Notice of Appeal to the Third Circuit Court of Appeals from this Court's decision of June 2, 2009, denying his motion for entry of default judgment and granting the Corrections Defendants' motion to set aside default. (Doc. No. 73.) On August 13, 2010, the Third Circuit dismissed Plaintiff's appeal. (Doc. No. 90.)

Also pending in this case are the following motions filed by Plaintiff: (1) Motion for Injunctive Relief (Doc. 52); (2) Motion for Relief (Doc. No. 58); (3) Motion to Compel Discovery from Defendant Auman (Doc. No. 66); and (4) Motion to Compel Discovery from Corrections Defendants (Doc. No. 77). In addition, the Corrections Defendants filed a Motion for Enlargement of Time to serve responses to Plaintiff's discovery requests (Doc. No. 80). The Court will now address each of these outstanding motions.

## II. DISCUSSION

### A. Plaintiff's Motion for Sanctions of Default Judgment

Without unnecessary elaboration, the Court will deny as moot Plaintiff's Motion for Sanctions of Default Judgment (Doc. No. 71.) Plaintiff filed this motion with respect to the Corrections Defendants, and submitted it prior to the issuance of this Court's Memorandum and Order of June 2, 2009, and the Third Circuit Court of Appeal's dismissal of Plaintiff's appeal therefrom.

B. **Plaintiff's Motion to Compel Discovery from Corrections Defendants and Corrections Defendants' Motion for Enlargement to Serve Responses to Discovery Requests**

Plaintiff filed a motion to compel discovery from the Corrections Defendants on August 26, 2009, with respect to discovery requests served upon them on June 23, 2009. He claims that Defendants failed to provide any response to his requests. On October 13, 2009, Defendants filed a motion seeking an enlargement of time to provide responses to the discovery requests stating that (1) they were not aware Plaintiff had filed a brief in support of his motion; (2) in light of Plaintiff's appeal to the Third Circuit on the default issue, they were unclear as to whether this Court retained jurisdiction over the discovery motion at that time; and (3) counsel for Corrections Defendants was going to be out of the country until October 26, 2009. Based on the foregoing, Defendants sought an enlargement of time nunc pro tunc within which to respond to the outstanding discovery requests.

For the reasons that follow, Defendants' Motion for Enlargement to Respond to the outstanding discovery requests will be granted, and Plaintiff's Motion to Compel Discovery will be denied without prejudice. In this Court's Memorandum and Order of June 2, 2009, the Corrections Defendants were directed to file a response to the amended complaint within fifteen (15) days. (Doc. No. 70.) As such, their answer or response was due on or before June 22, 2009.[2] They filed their answer to the amended complaint on June 18, 2009. Several days later, they were served with Plaintiff's discovery requests. Defendants did not respond to the requests, but did file a nunc pro tunc motion for enlargement of time within which to provide Plaintiff

---

[2] Fifteen (15) days plus three (3) days for mailing would fall on June 20, 2009, which was a Saturday. As such, Defendants' answer or response would have been due on or before June 22, 2009.

with responses.

In light of the appeal that was pending before the Third Circuit with respect to the default issue which has now been resolved, the Court will deny Plaintiff's motion to compel without prejudice, and grant Corrections Defendants' Motion for Enlargement of Time nunc pro tunc within which to provide responses to the outstanding discovery requests. Defendants are to respond to the outstanding requests within thirty (30) days. If, following the receipt by Plaintiff of Defendants' responses, Plaintiff believes the filing of a motion to compel discovery is warranted, he may certainly file a new motion setting forth his arguments.

      **C.**     **Plaintiff's Motion to Compel Discovery from Defendant Auman**

Plaintiff has also filed a motion to compel with respect to discovery requests served upon Defendant Auman on or about April 25, 2009. Specifically, a Request for Production of Documents was served wherein Plaintiff requested the following documents: (1) copies of various DC-ADMs including 13.1.1, 13.2.1 and 4.1.1, any other DOC Medical Procedure Manuals and medical records concerning his skin infection and hernia, and a copy of 18 Pa. C.S.A. §§ 5301, 8550, 2702 and 2710; (2) a copy of the Medical Practice Act of 1985; 63 P.S. § 422.41; 49 Pa. Code, and Grievances #182853 and #183329 and (3) Witness Affidavits from William Victor, Richard Sutton, Dwayne Combs, Jamiel Johnson and Devin Spady. (Doc. No. 67, Ex. A, Request for Produc. of Docs.)

Plaintiff states that Auman denied his request on May 8, 2009. He attaches a copy of the response received. (Id., Ex. B, Answer to Request for Produc. of Docs.) Auman objects to the production of all three requests. With respect to the first and second requests, she argues that any and all medical records, policies and grievances are in the possession and control of the DOC,

5

and can be obtained therefrom.  She further maintains that any copies of legal precedent, codes and statutes can be obtained by Plaintiff on his own from the law library.  With respect to the third request Auman is unclear what affidavits Plaintiff desires.

In responding to Plaintiff's motion to compel Defendant again simply argues that the records and policies Plaintiff requests are not within her control or possession, as she is a physician's assistant employed by Prison Health Services.  Rather, she emphasizes that the documents Plaintiff seeks can all be obtained through a discovery request directed to the Corrections Defendants in this case.  Further, to the extent Plaintiff requests legal research, Auman maintains that it is Plaintiff's responsibility to obtain this material on his own.  Finally, Defendant is not clear on what Plaintiff is looking for by requesting affidavits from various inmates.

Defendant's objections to Plaintiff's discovery requests are well taken.  It is Plaintiff's responsibility to conduct his own legal research in support of his claims.  In addition, Defendant cannot produce documents that are not within her control or possession.  Further, in reviewing discovery requests directed to the Commonwealth Defendants (Doc. 78), it appears that Plaintiff does request these same documents from said Defendants.  With respect to the third request, it appears that Plaintiff may be seeking to obtain affidavits from fellow inmates in support of his claims in this case.  Obtaining any such affidavits is clearly the responsibility of Plaintiff.  For these reasons, the motion to compel will be denied.

### D. Plaintiff's Motions for Court Order/Injunctive Relief

There are two motions pending before the Court wherein Plaintiff seeks injunctive relief. Plaintiff filed a motion for "Court Order/Injunctive Relief" (Doc. No. 52) on January 15, 2009.

In this motion he claims that on November 20, 2008, Security Team members employed at SCI-Greene, and in particular Officer Jim Smith, destroyed and tampered with his legal documents in retaliation for his filing of grievances and lawsuits against various staff members there. He further maintains that their actions denied him access to the courts. Plaintiff requests the Court to issue an order directing the return of all legal and personal property taken by SCI-Greene staff members.

On March 18, 2009, Plaintiff filed a "Motion for Relief" (Doc. No. 58) wherein he appears to raise claims of retaliation against staff members at SCI-Fayette, his present place of confinement. He alleges that in retaliation for filing grievances and complaints with respect to his medical condition, members of the SCI-Fayette staff retaliate against him by transferring him and, by most recently placing him in the Special Management Unit at SCI-Fayette where he must endure verbal and physical abuse through the deprivation of treatment for his skin condition.

For the following reasons, Plaintiff's motions will be denied without prejudice to any right Plaintiff may have to pursue these claims in new actions. In each of the pending motions he seeks injunctive relief with respect to individuals not named as Defendants in this action and relating to claims not arising from this action. The allegations set forth in Plaintiff's motions involve incidents and events occurring at SCI-Greene and SCI-Fayette, and are not related to incidents occurring at SCI-Huntingdon or conduct by the Defendants named in the pending lawsuit. As such, Plaintiff is free to pursue his claims in new actions if he so desires. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY, | : | CIVIL NO. 1:CV-07-2238 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MELISSA McMAHON, et al., | : | |
| Defendants | : | |

## ORDER

**NOW, THEREFORE, THIS 21st DAY OF SEPTEMBER, 2010,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Sanctions of Default Judgment (Doc. No. 71) is **denied as moot.**

2. Corrections Defendants' Nunc Pro Tunc Motion for Enlargement of Time to Respond to Discovery Requests (Doc. No. 80) is **granted**. Defendants shall provide responses to the outstanding discovery requests within thirty (30) days from the date of this order.

3. Plaintiff's Motion to Compel Discovery from Corrections Defendants (Doc. No. 77) is **denied without prejudice**.

4. Plaintiff's Motion to Compel Discovery from Defendant Auman (Doc. No. 66) is **denied**.

5. Plaintiff's Motion for Court Order/Injunctive Relief (Doc. No. 52) and Motion for Relief (Doc. No. 58) are **denied without prejudice**.

 ____s/ Yvette Kane____
 YVETTE KANE, Chief Judge
 Middle District of Pennsylvania